RAWLS, District Judge
(dissenting).
I agree wholeheartedly with the following sentence set out in the majority opinion, viz.: “The wisdom of the initial agricultural labor exclusion and its continuance to the present is for the Legislature, not this Court, to question.” The philosophical concepts underlying the majority opinion such as the recitations, “Many reasons for continuing this exemption have been advanced, such as the political strength of the farmers”, and “the assertion that farm laborers do not need protection of the Act is not convincing when we find that in 1964 more fatal injuries were suffered by agricultural workers than by manufacturing employees, although there were three times more manufacturing employees than agricultural laborers”, have, in my opinion, been utilized as a basis for this decision which ignores the wisdom of the Legislature as expressly set out in the controlling statute. In substance, this Court has narrowed the definition of agricultural labor to such an extent that it will be almost impossible for an attorney to advise any farmer that his employees are exempt or are not exempt from the provisions of the Workmen’s Compensation Act.
Appellant Miranda was described in the testimony before the Deputy Commissioner as a field foreman. In his words: *236 “I was the interpreter of the group * * I don’t pick the vegetables * * * I stayed with the boys and tell them what to do.” The clear import of this testimony is that Miranda occupied the position of labor foreman or group leader. He was not a full-time employee but a seasonal employee and in this particular job supervised his crew of men in the actual harvesting of the agricultural crops. He was in the field with these men — received his instructions from a full-time supervisor who was paid on an annual basis. He did not have the authority to hire men although he did have the authority to fire them. The performance of his duties was as essential in gathering the agricultural crops as were the duties of the men who planted the seed or harvested the fruits of same. Somehow the Court has construed the statutory language “agricultural labor” as meaning a farm laborer who must engage in the actual physical acts of planting, cultivating, harvesting or picking. One has to remove himself unto the “ivory tower” of the judicial bench to ignore the fact that a “field foreman ”, “pusher” or “group leader” is not performing agricultural labor. Such an individual is as essential to the harvesting of a produce crop as his colleague who is engaged in the actual physical act of harvesting or picking. The rationale of this Court might well be construed to hold that the operator of a mechanical cotton picker is not performing agricultural labor because such operator does not personally perform the physical act of picking cotton with his hands. Miranda was not sitting in an air-conditioned office performing administrative responsibilities; he was not an executive or administrator; but rather was performing the responsibility of toiling in the fields and telling the boys what to do.
It is my view that this Court has deviated from its own enunciations in Thomas Smith Farms, Inc. v. Alday, supra, wherein it stated that the Legislature intended to exempt “the kind of work or labor particularly associated with ordinary farming operations performed on a farm, such as plowing, harrowing, planting, fertilizing, cultivating, harvesting, * * (Emphasis supplied.) It is an inescapable fact of life that a crew of thirty men cannot be turned loose in a field to harvest a crop of tomatoes or beans without someone to “tell the boys what to do.”
I dissent.